FILED
2021 NOV 5 PM 1:50
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| ACI CONSTRUCTION, LLC, a Utah limited liability company, | MEMORANDUM DECISION AND ORDER |
| Plaintiff/Counterclaim Defendant, | |
| v. | |
| UNITED STATES OF AMERICA, | Case No. 1:19-cv-00054-JNP-JCB |
| Defendant/Counterclaim Plaintiff, | |
| v. | |
| SID CROOKSTON, LLC, a Utah limited liability company, | District Judge Jill N. Parrish |
| Counterclaim Defendant. | Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] The United States of America ("United States") moved for a protective order regarding a Fed. R. Civ. P. 30(b)(6) deposition of the Internal Revenue Service ("IRS").[3] After carefully reviewing the written memoranda submitted by the parties, the court concludes under

---

[1] ECF No. 26.

[2] ECF No. 39.

[3] ECF No. 68.

DUCivR 7-1(f) that oral argument is not necessary and, therefore, decides the motion on the written memoranda. As shown below, the court grants the United States' motion.

<strong><u>BACKGROUND</u></strong>

ACI Construction, LLC ("ACI") initiated this action under 28 U.S.C. § 2410 to challenge the validity certain federal tax liens (collectively, "Liens") referenced in a notice of federal tax lien ("NFTL") the IRS recorded against ACI as a successor-in-interest to Sid Crookston, LLC aka Sid Crookston Construction ("SCC").[4] The Liens and the NFTL relate to over $1 million of unpaid federal taxes owed by SCC.[5] The United States has asserted a counterclaim seeking entry of judgment against SCC and ACI for the same unpaid federal taxes.[6] The United States and ACI disagree on the issue of whether ACI is a successor-in-interest to SCC. The validity of the Liens as to ACI turns on that issue.

The United States' initial disclosures included over 18,000 pages of IRS files on the IRS's investigation into ACI and SCC. According to the United States, those documents include the factual support for the Liens and the NFTL and the facts gathered during the IRS's investigation.

ACI served contention interrogatories on the United States on March 16, 2020, asking for the legal basis for the Liens, the NFTL, and ACI's successor liability.[7] The United States

---

[4] ECF No. 2.

[5] ECF No. 2-2.

[6] ECF No. 19.

[7] ECF No. 68-2.

responded to those interrogatories on April 15, 2020.[8] The United States asserts that it plans to supplement its responses based on discovery that has been conducted since its initial responses.

On May 3, 2021, ACI served a deposition notice on the United States under Rule 30(b)(6).[9] According to the United States, the parties conferred about the deposition topics prior to the deposition, and the United States informed ACI that the IRS designee would be a fact witness only and could not testify about the legal basis for the Liens, the NFTL, or successor liability.

ACI took the IRS's Rule 30(b)(6) deposition on May 17, 2021, which lasted a full day.[10] During the deposition, ACI's counsel asked the IRS designee not only about the facts underlying the Liens and the NFTL but also about the IRS's basis for recording the NFTL under various legal theories of successor liability.[11] Additionally, ACI's counsel asked the IRS witness to explain the application of the facts to those legal theories.[12] Although the IRS witness testified about the facts underlying the Liens and the NFTL, she indicated that she did not know the legal basis for the Liens or the NFTL or how the facts applied to legal theories.[13] She further indicated that those determinations were made by IRS counsel as part of the IRS's approval process for the

---

[8] *Id.*

[9] ECF No. 68-3.

[10] ECF No. 68-4.

[11] *Id.*

[12] *Id.*

[13] *Id.*

NFTL.[14] The United States' counsel instructed the IRS witness not to answer any questions that would require disclosing communications with IRS counsel.[15]

After the deposition, ACI asked the United States to produce a supplemental Rule 30(b)(6) witness (i.e., IRS counsel) to testify about the IRS's basis for recording the NFTL,[16] including "whether IRS counsel considered certain facts to be relevant in their decision" to record the NFTL.[17] In response, the United States indicated that it had satisfied its obligations under Rule 30(b)(6) by producing an IRS witness to testify as to all facts relating to the Liens and the NFTL.[18] The United States also asserted that the information ACI sought was irrelevant and privileged.[19] Although the parties exchanged further correspondence and conferred by phone, they were ultimately unable to resolve their dispute.

At the parties' request, the court held a discovery dispute conference on August 4 and 6, 2021.[20] Although the parties did not resolve their dispute during the conference, they agreed that the United States would file a motion for protective order regarding ACI's request for a

---

[14] *Id.*

[15] *Id.*

[16] ECF No. 68-5, 68-7.

[17] ECF No. 68-7.

[18] ECF No. 68-6.

[19] *Id.*

[20] ECF Nos. 66-67.

supplemental Rule 30(b)(6) deposition of the IRS. The court memorialized that agreement in an

August 18, 2021 Order and set a briefing schedule.[21]

Consistent with the parties' agreement and the court's Order, the United States filed its

motion for protective order on September 1, 2021.[22] On September 22, 2021, ACI filed its

response to the United States' motion.[23] The United States filed its reply on October 1, 2021.[24]

## ANALYSIS

The United States seeks a protective order in this case under Fed. R. Civ. P. 26(b)(2)(C).

In relevant part, that rule provides: "On motion or on its own, the court must limit the frequency

or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . .

the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[25] Rule 26(b)(1)

provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense . . . ." As shown below, ACI is not entitled to conduct a

supplemental Rule 30(b)(6) deposition of the IRS because ACI seeks information that is

irrelevant to the parties' claims and defenses. Therefore, the court grants the United States'

motion for protective order.

Given the nature of this action, the information that ACI seeks is not relevant to the

parties' claims and defenses.  The parties do not dispute that in a quiet title action brought under

---

[21] ECF No. 65.

[22] ECF No. 68.

[23] ECF No. 70.

[24] ECF No. 72.

[25] Fed. R. Civ. P. 26(b)(2)(C)(iii).

28 U.S.C. § 2410, the district court decides the validity of the Liens *de novo*.[26] Given that

standard of review, any of the information ACI seeks through its proposed supplemental Rule

30(b)(6) deposition of the IRS cannot be relevant to the claims and defenses in this action.

Indeed, the district court will give no deference to any of the IRS's opinions, reasoning, or

analysis in reaching the determination to record the NFTL, which makes the information ACI

seeks irrelevant to the claims and defenses in this action.[27] The only question in this lawsuit is

whether the Liens are valid not whether the IRS's reasoning or motivation for *recording* the

NFTL were factually or legally correct.

   Indeed, the correctness of the IRS counsel's legal reasoning is not an element of lien

validity. Suppose that IRS counsel recommended the recording of the NFTL against ACI on a

faulty legal or factual premise, but, despite that faulty premise, the IRS is able to establish the

elements of a successful claim at trial upon a basis that IRS counsel did not rely. Regardless of

the faulty premise that spawned the recording of the NFTL, the Liens would still be valid as a

---

[26] *See, e.g.*, *Leeds LP v. United States*, No. 08CV100-BTM (BLM), 2009 WL 10672061, at *3 (S.D. Cal. Aug. 5, 2009) (stating that in an action challenging the IRS's determination of two nominee tax liens, "the district court conducts a *de novo* review of the liens' validity" (citing *LiButti v. United States*, 107 F.3d 110, 120 (2d Cir. 1997))).

[27] *Id.* ("When reviewing the IRS's actions concerning taxpayers, '[t]he opinions, impressions, conclusions and reasoning of IRS agents are irrelevant to the validity of the assessment against plaintiff. Resolution of these issues depends solely on application of the pertinent law to the facts of this case. The opinions of individual IRS agents . . . are immaterial.'" (alterations in original) (quoting *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (Fed. Cl. 1994)); *see also* *Ernest & Mary Hayward Weir Found. v. United States*, 508 F.2d 894, 895 n.2 (2d Cir. 1974) (involving a dispute over federal taxes and holding that the IRS is required to produce only "factual material," "as distinguished from opinions, legal analyses, and recommendations"); *ISI Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974) (involving a federal tax dispute and concluding that "the opinions, conclusions and reasoning of government officials are not subject to discovery" (quotations omitted)).

matter of law. Why IRS counsel urged the filing of the NFTL is of no moment to the ultimate

conclusion of determining lien validity that the court will reach on its own. Therefore, the IRS's

reasoning for recording the NFTL is quite irrelevant to the issue of whether the Liens are valid.

Nevertheless, ACI contends in its response to the United States' motion that it is seeking

a supplemental Rule 30(b)(6) deposition of the IRS to determine if the Liens and the NFTL were

procedurally deficient.[28] ACI's argument fails on relevancy grounds for at least three reasons.

First, although true that ACI can challenge the procedural validity of the Liens in this 28

U.S.C. § 2410 action,[29] that question is limited to "the procedural regularity of the [Liens] and

the procedures used to enforce the [Liens], and not the validity of the tax assessment."[30]

Showing that IRS counsel's conclusions were correct is not a part of the procedural regularity

inquiry.[31] Indeed, the court's de novo determination is not limited to the evidence before the IRS

when it made its validity determination. Thus, the reasons why IRS counsel recommended

recording the NFTL are not relevant to the court here.

Second, ACI asserts that it needs the supplemental Rule 30(b)(6) deposition of the IRS to

"to identify what procedures apply" to the Liens and the NFTL.[32] The United States correctly

---

[28] As the United States notes, the issue of procedural irregularities was not raised in ACI's complaint, discovery requests, deposition questions, or correspondence with the United States. It was likewise not raised with the court during the discovery dispute conference held on August 4 and 6, 2021.

[29] *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

[30] *Id.* at 755 (quotations and citations omitted).

[31] *Leeds LP*, 2009 WL 10672061, at *3-5 (refusing to authorize inquiry into IRS counsel's reasons for filing tax liens because the court would determine the validity of the liens *de novo*).

[32] ECF No. 70 at 2.

argues that an IRS fact witness could not testify as to the legal procedures applicable to the Liens and the NFTL. Additionally, to the extent that ACI seeks a legal opinion from the IRS about the procedures that apply, any such questions would be improper and almost certainly be asking for privileged information. Both parties are more than capable of researching and arguing what each believes the law is on this subject.

Finally, ACI contends that the permitted inquiry into procedural deficiencies with the Liens and the NFTL allows it to explore whether the Utah Wrongful Lien Act[33] voids the Liens. That argument fails. A claim under the Utah Wrongful Lien Act is a separate cause of action,[34] which ACI has not pled in its complaint. This is problematic where, as here, "relevance" under Rule 26(b)(1) must be tied to the "claims and defenses" in this action. For those reasons, any discovery ACI seeks relative to the Utah Wrongful Lien Act is not relevant.[35] Therefore, ACI has failed to overcome the United States' arguments and the ample authorities in support thereof.

---

[33] Utah Code Ann. §§ 38-9-101 to -305.

[34] *Id*. § 38-9-205.

[35] Even though ACI has not asserted the Utah Wrongful Lien Act as either a claim or defense, the court has concerns whether it could be. The court questions whether Congress has explicitly waived the United States' sovereign immunity allowing it to be sued under the Utah Wrongful Lien Act. Moreover, the court has concerns that the Utah Wrongful Lien Act is preempted by federal law, including the Federal Tax Lien Act, to the extent the two acts conflict. However, because the Utah Wrongful Lien Act has not been asserted as a claim or defense here, the court does not decide the issue but finds that an argument thereunder is irrelevant.

## CONCLUSION AND ORDER

As demonstrated above, ACI seeks information through a supplemental Rule 30(b)(6)

deposition of the IRS that is not relevant to the parties' claims and defenses. Therefore, IT IS

HEREBY ORDERED that the United States' motion for protective order[36] is GRANTED.[37]

DATED November 5, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[36] ECF No. 68.

[37] As a final matter, the court addresses ACI's request for its costs and fees incurred in taking the IRS's Rule 30(b)(6) deposition. ACI contends that it is entitled to such an award under Fed. R. Civ. P. 37(a)(5) because the United States "did not comply with its obligation to designate a witness that was knowledgeable regarding the subjects in" ACI's Rule 30(b)(6) deposition notice. ECF No. 70 at 2. ACI's reliance upon Rule 37(a)(5) is misplaced. Rule 37(a) explicitly applies only to motions to compel discovery, and, thus, Rule 37(a)(5) applies only to awards of reasonable expenses incurred in connection with such a motion. Because there is no motion to compel before the court, ACI cannot be entitled to an award of fees under Rule 37(a)(5). However, even if the court were to consider ACI's request for costs and fees under Rule 37(d)(1) the court would decline because: (1) ACI does not make that request in a separate motion as required by DUCivR 7-1; and (2) the United States' witness was adequately prepared on the relevant topics of the Rule 30(b)(6) deposition.