IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ACI CONSTRUCTION, LLC, a Utah limited liability company,<br><br>      Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>SID CROOKSTON, LLC, a Utah limited liability company,<br><br>      Counterclaim Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 1:19-cv-00054-JNP-JCB<br><br><br><br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

      District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is ACI Construction, LLC's ("ACI") short form discovery motion to compel production of certain Internal Revenue Service ("IRS") documents (collectively, "Documents") the United States of America ("United States") withheld as privileged.[3] Based upon the analysis set forth below, the court denies ACI's motion.

---

[1] ECF No. 26.

[2] ECF No. 39.

[3] ECF No. 69.

## BACKGROUND

On May 18, 2021, the United States notified ACI in writing that the United States was asserting the attorney-client and deliberative process privileges over the Documents.[4] ACI disputes the assertions of privilege.[5] At the parties' request, the court held a discovery dispute conference on August 4 and 6, 2021.[6] Although the parties did not resolve their dispute over the Documents during the conference, they agreed that, if they could not eventually resolve the dispute, ACI could file a motion to compel production of the Documents. The court memorialized that agreement in an August 18, 2021 Order.[7] The court also ordered the United States to promptly submit the Documents for an *in camera* review in the event that ACI filed a motion to compel. Finally, the court ordered that briefing on ACI's motion would be stayed pending completion of the *in camera* review and that the court would set a briefing schedule on the issues raised by the motion and the *in camera* review.

The parties were unable to resolve their dispute over the Documents. Consequently, ACI filed its motion to compel on September 8, 2021.[8] The United States submitted the Documents for *in camera* review on September 27, 2021.[9]

---

[4] ECF No. 69-3.

[5] ACI's motion raises only the issue of the attorney-client privilege and does not address the United States' claim of the deliberative process privilege. Nevertheless, because the United States has asserted the deliberative process privilege, the court addresses it here.

[6] ECF Nos. 66-67.

[7] ECF No. 65.

[8] ECF No. 69.

[9] ECF No. 71.

After conducting its *in camera* review of the Documents, the court issued a proposed Memorandum Decision and Order on November 5, 2021.[10] That Memorandum Decision and Order proposed denying ACI's motion to compel on the ground that the Documents were protected by the deliberative process privilege. The court provided the parties with the opportunity to present their arguments on the proposed Memorandum Decision and Order by allowing each of them to file a brief of no more than ten pages within fourteen days.[11] ACI and the United States submitted their respective briefs on November 19, 2021.[12]

In its brief, the United States agrees with the court's analysis concerning the deliberative process privilege. At the same time, the United States argues that the Documents are also protected by the attorney-client privilege. For its part, ACI argues in its brief that the deliberative process privilege does not protect the Documents because they represent the IRS's final decision on the notice of federal tax lien recorded against ACI.

The court has carefully considered the parties' arguments. Now being fully advised, the court enters the instant Memorandum Decision and Order to provide its final ruling on ACI's motion to compel.

---

[10] ECF No. 76-1.

[11] ECF No. 76.

[12] ECF Nos. 77-78.

## ANALYSIS

As shown below, the Documents are protected by both: (I) the deliberative process privilege and (II) the attorney-client privilege. Therefore, the court denies ACI's motion to compel production of the Documents.

**I.     The Documents Are Protected by the Deliberative Process Privilege.**

The Documents are protected by the deliberative process privilege, which shields "documents reflecting advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated."[13] "Recognizing that 'officials will not communicate candidly among themselves if each remark is a potential item of discovery,' the deliberative process privilege is primarily designed to 'enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.'"[14] "It further serves to prevent the premature disclosure of proposed policies, and avoids 'misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.'"[15]

The privilege applies only to documents that are "both predecisional and deliberative."[16] Predecisional documents are those that are "'prepared in order to assist an agency decisionmaker

---

[13] *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quotations and citation omitted); *see also Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007).

[14] *Trentadue*, 501 F.3d at 1226 (quoting *Klamath Water Users Protective Ass'n*, 532 U.S. at 8-9).

[15] *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

[16] *Id.* at 1227.

in arriving at his decision.'"[17] "A document is 'deliberative' if it relates to the formulation of agency policy."[18] "The deliberative process privilege extends to 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.'"[19] "Non-factual materials that express opinions or recommendations . . . are clearly protected" by the privilege.[20] Factual materials can be protected if "they are inextricably intertwined with deliberative materials," or "their disclosure would reveal deliberative material."[21] At the same time, the United States Court of Appeals for the Tenth Circuit has rejected the withholding of "factual material simply because it reflects a choice as to which facts to include in a document."[22]

The government has the burden of establishing that the deliberative process privilege applies.[23] However, "[t]he deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need."[24] "This need determination is to be made flexibly on a case-by-case, ad hoc basis," and "the district court must undertake a fresh balancing of the

---

[17] *Id.* (quoting *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975)).

[18] *Utah Med. Prods. v. McClellan*, No. 2:03-CV-00525 PGC, 2004 WL 988877, at *2 (D. Utah Mar. 31, 2004).

[19] *Id.* (quoting *Grand Cent. P'ship, Inc., v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)).

[20] *Trentadue*, 501 F.3d at 1227.

[21] *Id.* at 1229.

[22] *Id.*

[23] *Utah Med. Prods.*, 2004 WL 988877, at *2; *see also Gambina v. Fed. Bureau of Prisons*, No. 10-CV-02376-MSK-KLM, 2012 WL 4040335, at *3 (D. Colo. Sept. 12, 2012).

[24] *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997).

competing interests."[25] The factors the court should consider include: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the importance of the litigation; (4) the government's role in the litigation; and (5) the possible negative effect on government deliberations.[26]

As shown below: (A) the United States has carried its burden of establishing that the Documents are protected by the deliberative process privilege; and (B) ACI has not shown a need for the Documents to overcome the United States' assertion of the privilege. Therefore, the Documents are protected by the deliberative process privilege, which requires denial of ACI's motion to compel.

### A. The United States Has Carried Its Burden of Establishing That the Documents Are Protected by the Deliberative Process Privilege.

The United States meets the elements to assert the deliberative process privilege. In support of its privilege claim, the United States has submitted the declaration of Richard G. Goldman ("Mr. Goldman"), Deputy Associate Chief Counsel (Procedure and Administration) in the Office of Chief Counsel of the IRS.[27] In his declaration, Mr. Goldman asserts that, pursuant to a delegation order signed by the Commissioner of the IRS, he has been delegated the authority to claim the deliberative process privilege on behalf of the IRS with respect to its documents in actions in this court.[28] Mr. Goldman further indicates that he is familiar with this action and the

---

[25] *Id.*

[26] *Id.* at 737-38.

[27] ECF No. 71-1.

[28] *Id.*, ¶ 3.

Documents.[29] After claiming the deliberative process privilege over the Documents,[30] Mr. Goldman outlines the IRS policies and procedures with respect to claiming the privilege, which track the legal standards for the privilege set forth above.[31] Mr. Goldman asserts that the deliberative process privilege applies to the Documents because: (1) "production of the [D]ocuments . . . would inhibit the frank and honest discussion of legal and policy matters and thus would adversely affect the quality of the IRS's decisions and policies";[32] (2) "disclosure of the [D]ocuments would adversely affect the IRS's ability to administer and enforce the law under the Internal Revenue Code at all levels, from voluntary compliance and examination to appeals and litigation";[33] and (3) to the extent that the Documents contain factual matters, "those factual matters are so intertwined with advisory opinions, recommendations, conclusions, or reasoning that the factual material cannot be excised from the privileged material or the factual material, because of its selection and distillation by the author, would reveal the author's mental processes."[34]

       Based upon Mr. Goldman's declaration, a careful *in camera* review of the Documents, and the applicable law, the court concludes that the Documents are protected by the deliberative process privilege. The Documents contain the authors' analysis, opinions, recommendations, and

---

[29] *Id.*, ¶¶ 4-5.

[30] *Id.*, ¶ 6.

[31] *Id.*, ¶¶ 7-8.

[32] *Id.*, ¶ 9.

[33] *Id.*

[34] *Id.*, ¶ 10.

conclusions concerning potential notices of federal tax lien, including the one the IRS recorded against ACI. Additionally, any factual matters set forth in the Documents are sufficiently intertwined with the authors' deliberations and, thus, disclosure of the Documents would reveal deliberative material.

ACI's argument that the deliberative process privilege does not protect the Documents misses the mark. ACI contends that the Documents are not protected because they represent the IRS's final decision on the notice of federal tax lien recorded against ACI. At the same time, ACI asserts that it is seeking the "rationale" behind the IRS's decision to record the notice of federal tax lien.[35] By doing so, ACI shows that it is seeking exactly what the deliberative process privilege protects—namely, the analysis, opinions, recommendations, and conclusions of the authors of the Documents. That information is both predecisional and deliberative and led to the IRS's final decision here, which was the recording of the notice of federal tax lien.

The United States has carried its burden of establishing that the Documents are protected by the deliberative process privilege. Accordingly, the burden shifts to ACI to show a sufficient need for the Documents to overcome the United States' assertion of the privilege. For the reasons set forth below, ACI cannot show such a need.

      **B.**    **ACI Has Not Shown a Need for the Documents to Overcome the United States' Assertion of the Deliberative Process Privilege.**

As stated above, the court considers certain factors to determine whether ACI has demonstrated a need to overcome the United States' valid assertion of the deliberative process privilege. One of those factors is the relevance of the Documents, which the court concludes is

---

[35] ECF No. 78 at 2.

controlling here. The scope of discovery is governed by Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." As shown below, ACI cannot show that the Documents are relevant to the parties' claims and defenses, and, therefore, ACI cannot carry its burden to show a need for the Documents that would overcome the United States' claim of privilege.

      Given that the Documents contain the authors' analysis, opinions, recommendations, and conclusions concerning the notice of federal tax lien the IRS recorded against ACI, they cannot be relevant to the parties' claims and defenses in this quiet title action brought under 28 U.S.C. § 2410 because, in such a case, the district court makes a *de novo* determination regarding the validity of the federal tax liens at issue.[36] Under that standard of review, the district court is not limited to the evidence before the IRS and will give no deference to or consider any of the IRS's reasoning contained in the Documents. The pre-lien-recording views of the IRS are irrelevant, which requires the conclusion that the Documents are also irrelevant to the claims and defenses in this action.[37] Given that lack of relevance, ACI cannot carry its burden to show a need for the Documents.

---

[36] *See, e.g.*, *Leeds LP v. United States*, No. 08CV100-BTM (BLM), 2009 WL 10672061, at *3 (S.D. Cal. Aug. 5, 2009) (stating that in an action challenging the IRS's determination of two nominee tax liens, "the district court conducts a *de novo* review of the liens' validity" (citing *LiButti v. United States*, 107 F.3d 110, 120 (2d Cir. 1997))).

[37] *Id.* ("When reviewing the IRS's actions concerning taxpayers, '[t]he opinions, impressions, conclusions and reasoning of IRS agents are irrelevant to the validity of the assessment against plaintiff. Resolution of these issues depends solely on application of the pertinent law to the facts of this case. The opinions of individual IRS agents . . . are immaterial.'" (alterations in original) (quoting *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (Fed. Cl. 1994)); *see also Ernest & Mary Hayward Weir Found. v. United States*, 508 F.2d 894, 895 n.2 (2d Cir. 1974) (involving a dispute over federal taxes and holding that the IRS is required to produce only "factual material," "as distinguished from opinions, legal analyses, and recommendations"); *ISI*

As shown above, the United States has carried its burden of establishing that the Documents are protected by the deliberative process privilege, and ACI has failed to show a need for the Documents to overcome the United States' claim of privilege. On that basis alone, the court denies ACI's motion to compel. Furthermore, as demonstrated below, the Documents are also protected by the attorney-client privilege, which provides an additional basis for denying ACI's motion.

## II. The Documents Are Protected by the Attorney-Client Privilege.

The Documents are protected by the attorney-client privilege. "Rule 501 of the Federal Rules of Evidence dictates how privilege is determined."[38] Because this case arises under federal law, federal common law governs the applicability and scope of the attorney-client privilege.[39] "In the context of the federal government, '[f]or purposes of applying the attorney-client privilege, a federal agency qualifies as a "client" and federal agency counsel function as attorneys.'"[40] "The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal

---

*Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974) (involving a federal tax dispute and concluding that "the opinions, conclusions and reasoning of government officials are not subject to discovery" (quotations omitted)).

[38] *Strand v. Usana Health Scis., Inc.*, No. 2:17-cv-00925-HCN-JCB, 2021 WL 3055608, at *1 (D. Utah July 20, 2021) (citing *ERA Franchise Sys., Inc. v. N. Ins. Co. of N.Y.*, 183 F.R.D. 276, 278 (D. Kan. 1998)).

[39] Fed. R. Evid. 501.

[40] *Baldwin v. United States*, No. 11-CV-02033-MSK-KLM, 2012 WL 1577501, at *6 (D. Colo. May 4, 2012) (alteration in original) (quoting *Blue Lake Forest Prods., Inc. v. United States*, 75 Fed. Cl. 779, 792 (Fed. Cl. 2007)).

advisor."[41] "[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege . . . ; rather, the communication between a lawyer and client must relate to legal advice or strategy sought by the client . . . ."[42] "When it is raised as a bar to the production of preexisting documents given by a client to his attorney to aid in legal representation, it protects only that material which would have been privileged in the hands of the client."[43]

      Based upon the court's *in camera* review of the Documents, the court concludes that they are protected by the attorney-client privilege. The Documents contain communications related to legal advice and strategy sought by the client concerning the notices of federal tax lien, including the one the IRS recorded against ACI. Additionally, to the extent that the Documents contain or reference any preexisting documents given to the attorney by the client, those preexisting documents were privileged in the hands of the client under the deliberative process privilege and, therefore, are protected by the attorney-client privilege.[44] On that additional basis, the court denies ACI's motion to compel.

---

[41] *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (quotations and citations omitted).

[42] *Id.* (first alteration in original) (quotations and citations omitted); *see also Strand*, 2021 WL 3055608, at *3 ("[T]he attorney-client privilege protects only communication primarily motivated by the client's request for legal advice.").

[43] *In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982, to Custodian of Recs.*, 697 F.2d 277, 278-79 (10th Cir. 1983) (citing *Fisher v. United States*, 425 U.S. 391, 404 (1976)).

[44] *Fisher*, 425 U.S. at 403-04 (stating that documents that are privileged in the hands of the client are privileged in the hands of the attorney too).

## CONCLUSION AND ORDER

As demonstrated above, the Documents are protected by both the deliberative process privilege and the attorney-client privilege. Therefore, IT IS HEREBY ORDERED that ACI's short form discovery motion to compel production of the Documents[45] is DENIED.

IT IS SO ORDERED.

DATED December 22, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[45] ECF No. 69.