IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ACI CONSTRUCTION, LLC,<br><br>      Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant,<br><br>---<br><br>UNITED STATES OF AMERICA,<br><br>      Counterclaim Plaintiff,<br><br>v.<br><br>ACI CONSTRUCTION, LLC and SID CROOKSTON, LLC,<br><br>      Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO ADMIT THE DECLARATION OF STAN CHECKETTS**<br><br><br>Case No. 1:19-cv-00054-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is the United States' motion in limine to admit the declaration of Stan Checketts under Rule 807 of the Federal Rules of Evidence—i.e., the residual exception to the hearsay rule. ECF No. 131. The court DENIES the motion.

Around April 2021, a United States employee interviewed Checketts several times over the phone. The employee drafted a declaration based on these telephone interviews and presented it to Checketts, asking him to ensure that the document was accurate and complete. In May 2021, Checketts signed the declaration under penalty of perjury. Checketts declared that he had known Sid Crookston professionally for around 30 years and that they had become friends. In July 2016, he hired ACI Construction, LLC to perform work on a project. Checketts negotiated the contract with Crookston, but in November 2016, he informed Checketts that his sons were taking over the

business. Checketts noticed that the signage on the trucks and equipment used in the project changed from Sid Crookston Construction to ACI Construction.

In January 2022, Checketts passed away. In February 2022, without knowledge of his passing, the United States filed the Checketts declaration in conjunction with its response to ACI's motion for summary judgment in this case. In March 2023, the United States learned that Checketts had died. On May 26, 2023, the United States informed ACI that it intended to introduce the Checketts declaration into evidence at the bench trial scheduled to begin on July 6, 2023. On May 31, 2023, the United States filed the instant motion in limine to admit the declaration at the bench trial.

The United States concedes that the Checketts declaration is hearsay and that none of the standard exceptions to the hearsay rule apply. It argues, however, that the declaration is admissible under the residual exception to the hearsay rule described in Rule 807. Under this rule, a hearsay statement is admissible if three conditions are satisfied: (1) "the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement"; (2) the statement "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"; and (3) "the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it." FED. R. EVID. 807. The Tenth Circuit has noted that "an expansive interpretation of the residual exception would threaten to swallow the entirety of the hearsay rule." *United States v. Lawrence*, 405 F.3d 888, 902 (10th Cir. 2005) (citation omitted). "Accordingly, the rule should only be applied 'in extraordinary circumstances . . . .'" *Id.* (citation omitted).

ACI does not contest that the second and third requirements of Rule 807 have been satisfied.[1] ACI instead argues that the United States has not satisfied the first requirement—that the statement is supported by sufficient guarantees of trustworthiness. The government, on the other hand, asserts that because the Checketts declaration is sufficiently trustworthy because it was signed under penalty of perjury.

In evaluating the sufficient guarantees of trustworthiness prong, the Tenth Circuit has reasoned that "if the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility, then the hearsay rule does not bar admission of the statement at trial." *United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995) (quoting *Idaho v. Wright*, 497 U.S. 805, 820 (1990)). Additionally, that court has held that a district court did not abuse its discretion when it found that a newspaper article was not admissible under the residual exception to the hearsay rule, in part because the party opposing its admission did not have an opportunity to cross-examine the author of the article. *New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650–51 (10th Cir. 1989). Accordingly, the likely utility of cross-examination is an important consideration when deciding whether a hearsay statement is sufficiently trustworthy to be admitted under the residual exception to the hearsay rule.

The Checketts declaration is not so inherently reliable that cross-examination would be of marginal utility. The declaration is a testimonial document prepared by the United States for this litigation. Although the court has no reason to doubt the good faith of the government employee

---

[1] The third requirement is that the proponent gives adequate notice of the intent to use the statement "so that the [adverse] party has a fair opportunity to meet it." FED. R. EVID. 807. Although ACI does not argue that the United States has failed to satisfy the notice requirement, the court questions whether ACI had a fair opportunity to meet the Checketts declaration given that he has passed away.

who prepared the declaration, nor is there cause to believe that Checketts signed a document containing overt falsehoods that would subject him to perjury charges, cross-examination is required to provide context, explore the foundation for the claims made in the document, and to determine whether any bias or problems with perception might cloud some of the assertions contained in the declaration. Although there are sufficient guarantees that Checketts did not overtly lie in his declaration, because a party created the document for this litigation, there are inadequate assurances that the declaration contains the whole truth such that cross-examination is not required to elicit additional facts or to judge the credibility of the assertions made therein.[2] Accordingly, the United States has not shown that "extraordinary circumstances" justify the application of the residual exception to the hearsay rule to admit the Checketts declaration. *See Lawrence*, 405 F.3d at 902.

DATED July 5, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[2] In *F.T.C. v. Kuykendall*, 312 F.3d 1329, 1343 (10th Cir. 2002), *opinion vacated on other grounds*, 371 F.3d 745 (10th Cir. 2004), the Tenth Circuit held that a district court did not abuse its discretion when it found that consumer declarations and complaints, which were signed under oath and admitted into evidence for a civil contempt hearing, were admissible under the residual exception to the hearsay rule. This authority does not alter the court's conclusion that the Checketts declaration does not qualify under the residual exception. The *Kuykendall* court held that the district court "did not exceed its permissible discretionary authority" by admitting the documents. *Id.* That court did not hold that that admitting the documents was the only permitted outcome. *See Anderson*, 888 F.2d at 605 ("[T]he trial court has broad discretion in supervising the fact-finding process, and a decision to admit or exclude evidence [under the residual exception] will not be overturned on appeal absent a clear abuse of discretion."). Moreover, the question presented in *Kuykendall*—whether consumer declarations were admissible in a civil contempt hearing to determine whether a telemarketing company had complied with a permanent injunction—is somewhat different from the question presented here: whether the declaration of an eyewitness is admissible in a bench trial on the merits of the claims asserted by the parties.